UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-60683-BLOOM

AUDLE PIERRE,

    Plaintiff,

v.

JOSEPH V. CONTE, *et. al.*,

    Defendants.

                                                /

**ORDER TO AMEND**

**THIS CAUSE** is before the Court on Plaintiff's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, ECF No. [1] ("Complaint"), and Motion to Proceed *In Forma Pauperis*, ECF No. [3], ("IFP Motion"), docketed on April 10, 2023. As of the date of this order, Plaintiff has not paid the $402 filing fee ($350 + $52 administrative fee), and his IFP Motion is missing "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

*IFP Motion*

Plaintiffs who cannot pay the filing fee may file a motion for leave to proceed *in forma pauperis* to proceed with their action without initial payment of the fee. *See* 28 U.S.C. § 1915. Section 1915 requires that plaintiffs file a motion for leave to proceed in forma pauperis accompanied by "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. at (a)(1). It further requires that a plaintiff "submit a certified copy of the trust fund account statement

(or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint . . . ." *Id.* at (a)(2). A Plaintiff who is granted *in forma pauperis* status is exempt from the $52 administrative fee but remains responsible for payment of the $350 filing fee. *See id.* at (b)(1). Plaintiff shall be granted one opportunity to amend his IFP Motion to include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." *Id.* at (a)(2).

### *The Complaint*

Upon a review of the Complaint, the Court concludes it is due to be dismissed because it violates the Federal Rules of Civil Procedure as a shotgun pleading. However, Plaintiff will be granted one opportunity to amend his complaint and cure the pleading deficiencies herein.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2),

which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff's Complaint is a mostly conclusory "shotgun pleading" that fails to meet the foregoing standards — even under the relaxed pleading standard afforded to *pro se* litigants. There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted).

The Complaint falls under the third category of shotgun complaints because it "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* It is altogether unclear what causes of action are being alleged, how many causes of action are being alleged, and which Defendants are responsible and for what each Defendant is responsible. The Complaint further violates the Federal Rules of Civil Procedure in that Plaintiff fails to state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's IFP Motion, **ECF No. [3]**, is **DENIED without prejudice**. On or before **May 12, 2023**, the Plaintiff shall either pay the $402.00 filing fee or file an IFP Motion using the court-approved form, accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint.

2. Plaintiff's Complaint, ECF No. [1], is **DISMISSED with leave to amend**. On or before **May 12, 2023**, Plaintiff shall file an Amended Complaint that cures the abovementioned deficiencies. Plaintiff shall file the Amended Complaint, signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3. Plaintiff shall file the Amended Complaint on this District's form for § 1983 actions, which he must fill out completely. He may submit **no more than three (3) continuation sheets** to support his form Amended Complaint, if any additional pages are needed. Any text on the form Amended Complaint or any continuation sheet, whether handwritten or typed, must comply with this District's rules governing form of filings, including the rules governing line spacing and text size. *See* S.D. Fla. L.R. 5.1(a)(4).

4. The Amended Complaint shall be the **sole operative pleading** considered in this case; only the claims alleged therein will be addressed by the Court. Therefore, the Amended Complaint must not refer to the original complaint or incorporate by reference claims raised or arguments made therein. Similarly, the Amended Complaint must not incorporate by reference arguments or text from any other documents, including any exhibits.

5. The Amended Complaint must contain a separate paragraph as to each defendant explaining what the defendant did and the supporting facts to show why that person is being sued.

6. The Amended Complaint must be labeled **"Amended Complaint"** and must show **23-cv-60683-Bloom** so that it will be filed in this case.

7. Plaintiff must not expand the scope of the case by alleging new unrelated claims in the Amended Complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

8. Plaintiff is warned that failure to file the Amended Complaint on time and in compliance with this Court's orders will result in dismissal for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

9. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the form for a complaint under 42 U.S.C. § 1983 as well as the IFP motion form alongside this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Audle Pierre
502203735
Broward County Jail-PRF
Paul Rein Facility
Inmate Mail/Parcels
Post Office Box 407003
Ft. Lauderdale, FL 33340
PRO SE